UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-mj-343(1) (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FINDING OF PROBABLE CAUSE |
| ) | AND ORDER OF DETENTION |
| GARRETT PATRICK ZIEGLER, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on June 4, 2020, for a hearing on probable cause and detention. The Defendant ("Mr. Ziegler") appeared in custody and was represented by his appointed counsel, Ryan Garry, Esq. The United States was represented by Assistant United States Attorney Alexander Chiquoine. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. Mr. Ziegler was informed of his right to an in person hearing, but consented to the hearing proceeding by VTC.

Mr. Ziegler is presently charged by a criminal complaint. Mr. Ziegler made his initial appearance on June 2, 2020 and the United States moved for detention.

At the hearing, the United States called one witness, ATF Special Agent Sara Thomas, and introduced, without objection, Government's Exhibits 1–11. Special Agent Thomas testified on issues related to probable cause and detention. Mr. Ziegler did not call any witnesses, or present any evidence. Counsel for both parties presented arguments related to probable cause and detention. Pretrial Services

prepared a bond report, which recommended that Mr. Ziegler be detained pending trial.

After considering the Pretrial Services report, the testimony of Special Agent Thomas, the exhibits introduced by the United States, the arguments of counsel, the serious nature of the current charges, the fact that arson is a presumptive detention charge (18 U.S.C. § 3142(e)(3)(C)), and the factors listed in 18 U.S.C. § 3142(g), the Court concluded as follows.  First, the Court found there was probable cause to support the charges against Mr. Ziegler in the criminal complaint.  Second, the Court found that although Mr. Ziegler successfully rebutted the presumption of detention, the United States met its burden to show: (a) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Ziegler's appearance as required at future court proceedings, and (b) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  Accordingly, the Court grants the United States' motion for detention.

## **FINDINGS OF FACT**

1. Mr. Ziegler is charged with two counts: (a) aiding and abetting arson (18 U.S.C. §§ 2 and 844(i)) and (b) aiding and abetting possession of unregistered destructive devices (18 U.S.C. § 2; 26 U.S.C. § 5861(c)).  Arson carries a five year mandatory minimum sentence with a 20 year maximum sentence.

2. The affidavit of Special Agent Thomas (Gov't Ex. 1), the testimony of Special Agent Thomas, and the exhibits introduced by the Government support the

2

conclusion that there is probable cause to believe Mr. Ziegler committed the crimes charged.

3. The facts and circumstances of the crimes with which Mr. Ziegler is charged are serious. It is alleged that on May 29, 2020, working in concert with the co-defendant, Mr. Ziegler caused fire damage to the Dakota County Western Service Center in part by detonating Molotov cocktails inside the building. This alleged conduct constitutes a crime of violence and also involves the use of fire and a destructive device.

4. Solely for the purpose of setting detention, the Court finds that the weight of this evidence supports detention.

5. The bond report indicates that Mr. Ziegler has no criminal history besides minor traffic infractions. It indicates that Mr. Ziegler lives with his mother and has for many years. It also states that Mr. Ziegler has held consistent employment for approximately four years.

6. Mr. Ziegler's counsel proffered evidence of mental health issues. Mental health issues were discussed in the bond report.

## **CONCLUSIONS OF LAW**

Based upon the foregoing, the Court makes the following conclusions of law:

1. There is probable cause to believe that Mr. Ziegler committed the crimes charged in the complaint.

2. Based on the Pretrial Services bond report, the arguments of counsel, the serious nature of the pending charges, the weight of the evidence, and Mr.

Ziegler's mental health, and considering the factors outlined in 18 U.S.C. § 3142(g), no condition or combination of conditions will reasonably assure Mr. Zieglers's appearance as required for future proceedings, or the safety of the community should he be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention is **GRANTED**;

2. The Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated: June 5, 2020.

_____
Becky R. Thorson
United States Magistrate Judge